Bakas, J.
Although a party to a small claims procedure is not entitled to a report, a cause thereunder may nevertheless be submitted to the Appellate Division by a judge in the form of a report of a case stated ... when the judge has determined that a question of law requires review. It is in this context that the instant case is before us in accordance with the last paragraph of G.L.c. 218, §23.
The report raises two questions: (1) Does a motion to dismiss lie in a small claims action? (2) May a justice of the trial court hear such pretrial motions since the enactment of section 136 of Chapter 379 of the Acts of 1992?
The plaintiff, Acentech, Inc., brought the underlying small claims action against the defendants, Richard A Cecconi and Architecture, Planning & Design, Inc. The defendants thereafter filed a motion to dismiss for plaintiff’s failure to state a claim upon which relief could be granted. [Mass. R. Civ. R, Rule 12(b) (6)]. The clerk-magistrate, relying on G.L.c. 221, §62C(b) (which precludes a clerk-magistrate from hearing and ruling on contested motions) scheduled a hearing on the motion before the motion session judge. It should be noted that the parties were all represented by counsel. The motion session judge referred the matter to the Appellate Division to answer the questions raised in the report.
With regard to what purports to be the first question, the motion judge did not provide a basis for his query ... nor is there an apparent basis. Inasmuch as the defendants’ motion to dismiss was fashioned on a Mass. R Civ. R, Rule 12(b)(6) motion and Uniform Small Claims Rule 1 makes the Massachusetts Rules of Civil Procedure inapplicable in small claims actions, we assume that the motion judge did not believe a small claims session to be the proper forum for the defendants’ motion. However, it should be noted that G.L.c. 218, §22 provides for the “modification of any or all rules of pleading or practice.” This quoted language was not *45 altered by the enactment of Section 136 of Chapter 379 of the Acts of 1992 ... nor does it or Rule 1 of the Uniform Small Claims Rules supersede substantive law. Section 21 of c. 218 provides that small claims actions shall be determined according to the rules of substantive law. The Uniform Small Claims Rules and the Small Claims Standards also recognize substantive rules of law. Indeed, the Small Claims Standards, Standard 6:04, provides:
Trials should be conducted in an orderly but informal atmosphere, and substantive rules of law should be applied.
The thrust of a motion to dismiss questions the legal sufficiency of the action (whether the plaintiff has stated a claim upon which relief can be granted). Although form in appearance, the defendants’ motion transforms itself into substantive law in its application and effect. We interpret Small Claims Rule 1, therefore, in the context of the Small Claims Standards together with the statutory language of G.L.c. 218, §22 and answer the first question in the affirmative.
As it regards the second question, we note that section 136 of Chapter 379 of the Acts of 1992 revised G.L.c. 218, §22 by, inter alia, allowing a clerk-magistrate to hear small claims actions. However, no express power was granted to the clerk-magistrate(s) to hear contested motions. Consequently, G.L.c. 221, §62C(b) (which precludes a clerk-magistrate from hearing and ruling on contested motions) remains in place. Given this limitation, the instant contested motion to dismiss was scheduled by the clerk-magistrate to be heard by the motion judge. We conclude that the clerk-magistrate’s decision was the only available course of action (other than a transfer of the case to the regular civil docket pursuant to G.L.c. 218, §24). Therefore, the motion judge, in the circumstances of this case, should have heard the contested pretrial motion to dismiss... and accordingly, we answer the second question in the affirmative.
Both questions reported being answered in the affirmative, the instant action is remanded to the Motion Session for a hearing and appropriate disposition.